IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JANELL BUTLER,

        Plaintiff,

   v.

OREGON HEALTH & SCIENCE
UNIVERSITY, et al.,

        Defendants.

No. 3:17-cv-00135-HZ

OPINION & ORDER

Janell Butler
2246 Laurel St.
Forest Grove, OR 97116

    Pro se Plaintiff

//

//


OPINION & ORDER - 1

HERNÁNDEZ, District Judge:

Pro se Plaintiff Janell Butler brings this action against Oregon Health & Science University ("OHSU") and Dr. Kathryn Schabel. Plaintiff also moves to proceed *in forma pauperis*. The Court finds that Plaintiff is unable to pay the filing fee and grants the Motion. However, the Court lacks subject matter jurisdiction to hear Plaintiff's case and dismisses her Complaint.

## STANDARDS

A court may dismiss a complaint filed *in forma pauperis* at any time, if the court determines that:

  (B) the action or appeal—

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130–31 (9th Cir. 2000).

## DISCUSSION

Plaintiff marked the checkbox in her Complaint indicating that the basis for federal court jurisdiction in this case is federal question. Compl. at 3, ECF 2. When prompted to list the specific federal law at issue in her case, Plaintiff wrote: "patient violation – malpractice –

OPINION & ORDER - 2

experimental procedure." Id. In her handwritten attachment to the Complaint, Plaintiff explains that OHSU and Dr. Schabel negligently performed an unauthorized experimental procedure on her which has caused her immense pain and suffering. See Pl's. Handwritten Compl. at 6–8, ECF 1. Plaintiff seeks damages commensurate with settlement awards from allegedly similar cases ranging in the millions of dollars.

Federal district courts are courts of limited jurisdiction, meaning they can only hear certain types of cases. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). As a general rule, there are two ways to invoke a district court's subject matter jurisdiction: by raising a so-called "federal question" or by bringing a suit in which the plaintiff and all defendants are residents of different states and the amount in controversy is more than $75,000 ("diversity jurisdiction"). Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).

Federal question jurisdiction is controlled by 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In other words, to invoke federal question jurisdiction, the plaintiff must plead in the complaint that the defendant has violated some federal constitutional or statutory provision.

Diversity jurisdiction requires that all plaintiffs be citizens of different states than all defendants. Pullman Co. v. Jenkins, 305 U.S. 534, 541 (1939). To establish diversity jurisdiction, Plaintiffs must allege that they are citizens of one state, that all of the Defendants are citizens of other states, and that the damages are more than $75,000. Hastings v. DHS, Child Welfare Gresham Branch, No. 03:12-CV-741-HZ, 2012 WL 2572774, at *2 (D. Or. July 3, 2012).

When broadly construing Plaintiff's Complaint, the Court acknowledges that she has alleged medical malpractice claims against Defendants. However, nowhere in her Complaint or in her handwritten attachment does she identify the federal law that her claims arise under. Plaintiff has failed to invoke federal question jurisdiction. 28 U.S.C. § 1331.

Additionally, Plaintiff cannot invoke diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff is an Oregon resident and both named Defendants in this case, OHSU and Dr. Schabel, are Oregon residents. Because Plaintiff has failed to identify this Court's basis for federal jurisdiction, the Court lacks subject matter jurisdiction over this case and must dismiss the Complaint. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## CONCLUSION

Plaintiff's application to proceed *in forma pauperis* [1] is granted, but Plaintiff's Complaint [2] is dismissed *sua sponte* without prejudice. Plaintiff may file an amended complaint, consistent with this Opinion & Order, within 30 days of the date below.

Dated this ____6____ day of ____Feb._____, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge