IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANELL BUTLER,

        Plaintiff,

    v.

OREGON HEALTH & SCIENCE
UNIVERSITY, et al.,

        Defendants.

No. 3:17-cv-00135-HZ

OPINION & ORDER

Janell Butler
2246 Laurel St.
Forest Grove, OR 97116

    Pro se Plaintiff

//

//

OPINION & ORDER - 1

HERNÁNDEZ, District Judge:

Pro se Plaintiff Janell Butler brings this action alleging medical malpractice against Oregon Health & Science University ("OHSU") and Dr. Kathryn Schabel. The Court previously granted Plaintiff's application to proceed *in forma pauperis* but it also dismissed her Complaint *sua sponte* after concluding that it lacked subject matter jurisdiction over the case. *See*, Op. & Order, Feb. 6, 2017, ECF 7. The Court permitted Plaintiff to file an amended complaint providing a basis for federal jurisdiction. Plaintiff filed her Amended Complaint. *See* Am. Compl., ECF 9. The Court dismisses her Amended Complaint because Plaintiff again failed to include a basis for federal jurisdiction.

Rule 8(a)(1) of the Federal Rules of Civil procedure requires that a pleading must contain "a statement of the grounds for the court's jurisdiction." As previously explained to Plaintiff, federal courts are courts of limited jurisdiction, and Plaintiff must either invoke federal question or diversity jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court dismissed Plaintiff's original Complaint because the parties were non-diverse and she failed to invoke a federal statute giving rise to her claim. In the Amended Complaint, Plaintiff checked the box indicating that federal question jurisdiction was the basis for this Court's jurisdiction. When prompted to list the specific federal law that applied, she wrote: "Jenner & Block § 3522p Cooper & Richard D. Freer Federal Practice & Procedure." Am. Compl. at 4. The Court located this source and discovered that it was a section of a treatise describing the principle of limited subject matter jurisdiction in federal courts. *See*, § 3522 Courts of Limited Jurisdiction, 13 Fed. Prac. & Proc. Juris. § 3522 (3d ed.). This treatise section is not a source of federal jurisdiction, but merely a description of how the principle of limited jurisdiction operates. In other words, Plaintiff failed to properly invoke federal question jurisdiction.

OPINION & ORDER - 2

Because Plaintiff has failed to identify this Court's basis for federal jurisdiction, the Court lacks subject matter jurisdiction over this case and must dismiss the Amended Complaint. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). If Plaintiff wishes to file a second amended complaint, the Court again instructs her to include a basis for federal court jurisdiction pursuant to Rule 8(a)(1). Moreover, Plaintiff must otherwise comply with Rule 8, which requires including a short and plain statement of her claims and a demand for the relief that she seeks from the Court. Fed. R. Civ. P. 8(a)(2)–(3). Plaintiff attached a handwritten description of her claim and demand for relief to her original Complaint, but failed to do so again when she filed her Amended Complaint.

## CONCLUSION

The Court dismisses Plaintiff's Amended Complaint [9]. Plaintiff may file a second amended complaint, consistent with this Opinion & Order, within 14 days of the date below.

Dated this \_\_\_3\_\_\_ day of \_\_\_March\_\_\_, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge