IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANELL BUTLER,

        Plaintiff,

v.

OREGON HEALTH & SCIENCE UNIVERSITY, et al.,

        Defendants.

No. 3:17-cv-00135-HZ

OPINION & ORDER

Janell Butler
2246 Laurel St.
Forest Grove, OR 97116

    Pro se Plaintiff

//

//

OPINION & ORDER - 1

Nikola Lyn Jones
Katie M. Eichner
Lindsay Hart, LLP
1300 SW Fifth Ave., Suite 3400
Portland, OR 97201

    Attorneys for Defendants

HERNÁNDEZ, District Judge:

    Pro se Plaintiff Janell Butler brings this action alleging medical malpractice claims against Oregon Health & Science University ("OHSU") and Dr. Kathryn Schabel. Before the Court is Defendants' Motion for Summary Judgment. *See* Mot. Summ. J, ECF 24. Defendants moves for judgment as a matter of law on Plaintiff's claims on the grounds that she failed to provide the statutorily required notice to Defendants, did not file her case within the two-year statute of limitations period, and because the regulation which Plaintiff invoked as the basis for subject matter jurisdiction does not provide her with a private cause of action. Plaintiff has not responded to Defendants' motion and has failed to raise any genuine issue of material fact. Therefore, the Court grants summary judgment in Defendants' favor and dismisses this case.

BACKGROUND

**A.    Factual Background**

    On July 28, 2014, Dr. Schabel performed total knee replacement surgery on Plaintiff. Schabel Decl. ¶ 3, ECF 23. On October 8, 2014, Plaintiff received an x-ray evaluation in response to her hip pain. Pl.'s Decl. Ex. 2 at 10, ECF. 6. Plaintiff began seeking treatment for lower back and hip pain in October and December of 2014. *Id.* On January 22, 2015, Plaintiff requested that Oregon Health Plan approve treatment for her back and hip pain. *Id.* That request was denied on February 2, 2015, based on the medical finding that Plaintiff's condition was below the required diagnosis. *Id.* at 7. Plaintiff appealed, stating: "I just had a total knee

replacement which now that it's fixed has thrown my right hip and back all out of place. You can't fix one and not the other, it doesn't help me with knee replacement." *Id.* at 18. Plaintiff's appeal was also denied.

**B.     Procedural Background**

The Court previously granted Plaintiff's application to proceed *in forma pauperis* and dismissed her Complaint *sua sponte* after concluding that Plaintiff had not demonstrated a basis for federal subject matter jurisdiction. *See*, Op. & Order, Feb. 6, 2017, ECF 7. Plaintiff filed an Amended Complaint which the Court also dismissed *sua sponte* for the same reason. *See* Am. Compl., ECF 9; Op. & Order, Mar. 3, 2017, ECF 10. Plaintiff then filed her Second Amended Complaint on March 17, 2017. Second Am. Compl., ECF 12. OHSU received service in this case on May 1, 2017. St. Clair Decl. ¶ 6, ECF 22. Dr. Schabel never received service. Schable Decl. ¶¶ 4–5.

SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)). Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927–28 (9th Cir. 2009) (quoting *Horphag Research Ltd. v.*

OPINION & ORDER - 3

*Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007)). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 324).

DISCUSSION

Defendants make three arguments in support of their motion. First, they argue that Plaintiff has failed to provide the necessary tort claim notice under Or. Rev. Stat. ("O.R.S.") § 30.275. Second, Defendants argue that Plaintiff did not file her claim within the two-year statute of limitations period for medical malpractice cases under O.R.S. § 12.110(4). Finally, Defendants claim that the regulation which Plaintiff cites, 45 C.F.R. § 690, does not provide a basis for federal question jurisdiction.

The Oregon Tort Claims Act provides that a plaintiff bringing an action against a public body or employee of a public body must give notice of the claim. O.R.S. § 30.275(1). Notice of the medical malpractice claim must be given within 180 days after the plaintiff discovered or reasonably should have discovered the basis for her claim. O.R.S. § 30.275(2)(b). In this case, the allegedly negligent surgery occurred on July 28, 2014. Plaintiff began treatment for back and hip pain stemming from that surgery in October of 2014. Despite Plaintiff's awareness of her injury, to date, she has not provided the statutorily required notice to either OHSU or Dr. Schabel. St. Clair Decl. ¶¶4–5; Schabel Decl. ¶ 4.

Plaintiff has not created a genuine issue of material fact because she has failed to respond to Defendants' properly supported summary judgment motion. Therefore, even when viewing the facts in the light most favorable to Plaintiff, Defendants have demonstrated that they are entitled to judgment as a matter of law based on Plaintiff's failure to provide the statutorily required notice. In addition, the Court finds that Defendants' motion should be granted given that

Plaintiff's claims were not filed within the two-year limitation period. Plaintiff's surgery occurred on July 28, 2014, and she was aware of her injury by at least October of 2014. Plaintiff did not file her lawsuit until January 26, 2017, after the two-year limitation period had expired. This also provides the Court with a sufficient basis to grant Defendants' motion.[1]

CONCLUSION

Defendants' Motion for Summary Judgment [21] is GRANTED and this case is DISMISSED.

Dated this 24 day of October, 2017.

MARCO A. HERNÁNDEZ
United States District Judge

---

[1] Because the Court is granting summary judgment on other grounds, it need not reach Defendants' argument regarding subject matter jurisdiction.